OPINION
{¶ 1} Robert Kegg is appealing from his conviction for assault on a police officer. He assigns four errors for our consideration:
 First Assignment of Error: The trial court erred by failing to instruct the jury on the lesser included offense of Disorderly Conduct where the evidence warranted such an instruction.
 Second Assignment of Error: The evidence was legally insufficient to support appellant's convictions for Assault of a Police Officer.
 Third Assignment of Error: Appellant's convictions were against the manifest weight of the evidence. *Page 2 
 Fourth Assignment of Error: The trial court committed reversible error by allowing the witnesses to testify to statements allegedly made by appellant regarding other criminal acts in that they were not relevant, and where the prejudicial effect far outweighed any probative value.
 {¶ 2} In the first assignment of error, Kegg attacks the failure of the trial court judge to instruct the jury hearing the case on the lesser charge of disorderly conduct. Defense counsel at trial did not request such a charge to the jury, so we can find error in the trial court only if we find plain error. We can find plain error only in situations where the outcome of the trial clearly would have been different had the trial judge given the jury charge now requested.
 {¶ 3} Given the testimony presented at trial, which is discussed in some detail below, the failure to charge the jury on the topic of disorderly conduct or persistent disorderly conduct had no impact on the verdict. Kegg is clearly guilty of attempting to harm the officers who were trying to arrest him for having pulled a knife on a third party.
 {¶ 4} The first assignment of error is overruled.
 {¶ 5} Because the second and third assignments of error heavily overlap, they will be addressed together.
 {¶ 6} In determining whether a verdict is against the manifest weight of the evidence, this court acts as a "thirteenth juror." This role allows the court to weigh the evidence in order to determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. However, the power to reverse on "manifest weight" *Page 3 
grounds should only be used in exceptional circumstances, i.e., when "the evidence weighs heavily against the conviction."Thompkins, at 387, quoting Martin, at 175.
 {¶ 7} An appellate court acting in its role as a "thirteenth juror" also must keep in mind the trier of fact's superior, first-hand position in judging the demeanor and credibility of witnesses. "On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. A court of appeals cannot reverse a jury verdict on manifest weight grounds unless all three appellate judges concur.Thompkins, at 389.
 {¶ 8} The testimony at trial indicated that City of Columbus Police Officers, Donald Smith and Robert Mercurio, responded to a report of a man pulling a knife on another man at a residence on the west side of Columbus. Upon investigation, the officers learned that Robert Kegg was the person who pulled the knife and threatened another man who he felt had disrespected a relative. The officers began the process of arresting Kegg and filling out the necessary paperwork.
 {¶ 9} Kegg initially was cooperative, but upon learning that he was going to jail, he got upset. He threatened the officers and their families. He attempted to head butt both the officers and tried to kick the officers. This continued until the officer sprayed Kegg with mace.
 {¶ 10} Assault is defined in R.C. 2903.13 as follows:
 (A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
 (B) No person shall recklessly cause serious physical harm to another or to another's unborn. *Page 4 
 (C) Whoever violates this section is guilty of assault, and the court shall sentence the offender as provided in this division and divisions (C)(1), (2), (3), (4), or (5), and (6) of this section. Except as otherwise provided in division (C) (1), (2), (3), (4), or (5) of this section, assault is a misdemeanor of the first degree.
 * * *
 (2) If the offense is committed in any of the following circumstances, assault is a felony of the fifth degree:
 * * *
 (3) If the victim of the offense is a peace officer or an investigator of the bureau of criminal identification and investigation, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree.
 {¶ 11} The testimony at trial clearly showed that Kegg tried to cause physical harm to the officers who were trying to arrest him by head butting them and by kicking them. The testimony clearly demonstrated all the elements of assault on a police officer and thus was sufficient evidence.
 {¶ 12} No evidence was presented that Kegg did not try to head butt and kick the officers who were arresting him, so the weight of the evidence supported the conviction.
 {¶ 13} The second and third assignments of error are overruled.
 {¶ 14} The fourth assignment of error asserts that the trial judge made a mistake by permitting testimony about statements Kegg made at the time of his arrest.
 {¶ 15} Kegg was mad at the African American Kegg threatened with a knife. Kegg got even more angry upon learning he was being arrested. Kegg claimed he was a member of the Aryan Brotherhood and that he had killed African Americans before. Kegg *Page 5 
threatened to come back to his residence and kill the man he had earlier threatened with a knife.
 {¶ 16} The statements about past and future homicides added little to the trial in the way of relevant evidence. Upon an objection from defense counsel at trial, the trial judge might well have prevented admission of the statements or admonished the jury to disregard the statements. For whatever reason, trial counsel did not object, so once again, we can find error only if we find plain error as described above. The testimony at trial really permitted no other jury verdicts, so we cannot say plain error existed. Kegg really had nothing to present other than proof that he got very upset when he learned he was being arrested. He vented his anger in several ways, including by attempting to hurt the officers who were arresting him.
 {¶ 17} The fourth assignment of error is overruled.
 {¶ 18} All four assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
FRENCH, P.J., and SADLER, J., concur. *Page 1